### STUDEBAKER BROS. CO. OF NEW YORK v. FUERTHER et al.

(Supreme Court, Appellate Term. May 24, 1910.)

BILLS AND NOTES (§ 469*)—NOTICE OF NONPAYMENT—PLEADING.

Under Negotiable Instruments Law (Consol. Laws, c. 38) § 160, providing that an indorser who is not notified of nonpayment is discharged, where the complaint in an action on a check against the maker and indorser did not allege notice of nonpayment to the indorser, and no proof was offered of notice, a motion for dismissal of the complaint, made at the close of plaintiff's case, was improperly denied.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1494, 1496; Dec. Dig. § 469.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Studebaker Bros. Company of New York against Leopold Fuerther and Anton Weidman. Judgment for plaintiff, and defendant Weidman appeals. Judgment reversed as to defendant Weidman, and complaint dismissed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Gennert & Gennert, for appellant.

Wilber, Norman & Kahn (Mark W. Norman, of counsel), for respondent.

PAGE, J. This action was brought upon a check drawn by Leopold Fuerther to the order of Anton Weidman for the sum of $75, and indorsed and delivered by Weidman to Wilber, Norman & Kahn. Payment of check was stopped by the maker.

The complaint does not allege, nor did the plaintiff prove, that notice of nonpayment was given to the indorser. Motion was made at the close of the plaintiff's case to dismiss. The court denied the mo-

tion, apparently adopting the erroneous contention of the plaintiff's attorneys that "the failure to protest was an affirmative defense." The motion should have been granted; for, without notice of nonpayment given to the indorser, he was discharged. Negotiable Instruments Law (Consol. Laws, c. 38) § 160.

The judgment, as against defendant Weidman, should be reversed, and the complaint dismissed, with costs, without prejudice to a new action. All concur.